IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| SAMUEL LEE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:19-cv-00688-JJV |
| ANDREW SAUL, | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Samuel Lee Johnson, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. The Administrative Law Judge (ALJ) concluded Mr. Johnson is not disabled within the meaning of the Social Security Act because he had the RFC to perform light work and jobs existed that he could perform despite his impairments. (Tr. 11-22.)

This review is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to a legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in the case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Mr. Johnson is young. He was thirty-one years old at the time of the administrative hearing. (Tr. 241.) He testified he is a high school graduate and attended some college. (*Id.*) He has no past relevant work. (Tr. 21.)

The ALJ[1] found Mr. Johnson has not engaged in any substantial gainful activity since the alleged onset date. (Tr. 13.) He has severe impairments, but the ALJ found that these impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.[2] (Tr. 13-15.)

Based on Plaintiff's mental and physical impairments, the ALJ assessed that Plaintiff had the RFC to perform a reduced range of light work. (Tr. 15-16.) Because Mr. Johnson has no relevant past work, the ALJ utilized the services of a vocational expert ("VE") to determine if there were any jobs Mr. Johnson could perform despite his impairments. (Tr. 262-65.) Based on the VE's testimony, the ALJ determined Mr. Johnson could perform the jobs of cafeteria attendant,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

cashier, assembler, and inspector. (Tr. at 21.) Accordingly, the ALJ determined Mr. Johnson is not disabled. (Tr. 22.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-3.) Therefore, the ALJ's decision is the final decision of the Commissioner. Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 3.)

In support of his Complaint, Plaintiff argues that the ALJ failed to resolve a conflict between the RFC determination, the Dictionary of Occupational Titles ("DOT"), and the VE's testimony. (Doc. No. 12 at 6-8.) Specifically, Mr. Johnson argues that the duties of cashier exceed Plaintiff's RFC as determined by the ALJ. (*Id*. at 7.) He says, "Here, the ALJ specifically limited Plaintiff to work where the interpersonal contact is only incidental to the work performed." (*Id.*) Plaintiff points to the DOT and argues that the job of cashier has a "P" Temperament Code which requires "Dealing with people beyond giving and receiving instructions." (*Id*.) Plaintiff relies on *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014) and *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632-33 (8th Cir. 2014) to support his position.

The Commissioner counters that there was no "apparent" conflict, "Because the ALJ presented a hypothetical to the VE consistent with the RFC, the VE's testimony stating that Plaintiff could perform work existing in significant numbers was substantial evidence in support of the ALJ's determination." (Doc. No. 14 at 6.) I agree. Unlike in *Moore*, Plaintiff has not shown the VE's testimony to be unreliable. (Tr. at 21.) Plaintiff's limitations were included in the hypothetical to the VE when the VE identified the job of cashier. (Tr. 263-64.)

But more significantly, as the Commissioner argues, the ALJ found that Plaintiff could also perform the jobs of cafeteria attendant, inspector, and assembler - and Plaintiff raises no objection

regarding these jobs. Therefore, substantial evidence in the record supports the ALJ's determination at Step 5.

Plaintiff also argues that the ALJ failed to incorporate Plaintiff's use of an assistive device for ambulation, despite the ALJ deeming the device medically necessary. (Doc. No. 12 at 4.) Plaintiff makes a good point. However, for the following reasons I agree with the Commissioner that the evidence of the record supports the ALJ's RFC assessment despite the device being medically prescribed.

Though Plaintiff stresses the importance of incorporating his ambulation device in the ALJ's RFC assessment, substantial evidence of record supports the ALJ's decision here. With the exception of January 2017, Plaintiff exhibited normal gait and the ability to arise independently from a seated position during examinations in October 2016, February 2017, May 2017, and July 2017. (Tr. 866, 1129, 1139, 1247, 1327.) Additionally, examinations showed that Plaintiff had generally normal ranges of strength, coordination, and muscle. (Tr. 17, 703-04, 743, 898-89.)

While the record certainly shows that Plaintiff may normally use the ambulation device, the test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. Here, I find that ALJ's RFC assessment is supported by substantial evidence despite not including the ambulation device in the RFC assessment.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).  The record fails to support Plaintiff's allegation of complete disability.  For example, Plaintiff testified that he was riding on the back of a motorcycle as recently as August 2016.  (Tr. 254, 1139.)  Further, Plaintiff reported that he was able to cook meals, go grocery shopping, and take care of his three young children with the help of his oldest child.  (Tr. 15, 17, 255, 257.)

Plaintiff clearly suffers from some degree of pain and limitation.  I am sympathetic to his claims.  His counsel has done an admirable job advocating for his rights here.  But I find no reversible error.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that a "reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex. Rel. Reutter v. Barnhart*, 372 F.3d 946 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 9th day of June 2020.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE